[44] It may be inferred from the language in the opinion written for the majority of the court on the present rehearing, that Act No. 8 of the Extra Session of 1915, commonly referred to as the Blind Tiger Act, was repealed by the repeal of the State law passed in pursuance to the National Prohibition Law and known as the Hood Act. If I am correct in so interpreting the opinion I cannot agree with that part of it. The Hood law, Act 39 of 1921, specifically retained the Blind Tiger law in effect and although it may not have been necessary to make use of or enforce its provisions during the existence of State-wide prohibition, it nevertheless remained a valid law of the State. The repeal of the Hood law by Act No. 1 of the Extra Session of 1933 had the effect of ending prohibition in the State and until further legislation on the subject of liquor was enacted, the Blind Tiger law still lay dormant. In 1935 new legislation was enacted by the passage of Act 17 of the First Extra Session of that year. That Act provided for local option elections and it had the effect of reviving the Blind Tiger law and making its provisions enforceable in those areas where the people had voted against the sale of intoxicating liquors.
[45] I am of the further opinion however, that the local option law of 1935 had the effect of exempting drug stores from the operation of the Blind Tiger law since the local option law, Act17 of the First Extra Session of 1935 specifically provides in section 2 that "this Act shall not authorize the prohibition of the sale of such liquors when prescribed by a licensed physician as medicine" and section 3 expressly authorizes the State to grant permits or licenses for sale of such liquors by druggists when prescribed as medicine by a licensed physician. In order to so sell them it is obvious that druggists must "keep
them for sale" and the keeping them for sale is the only thing that is denounced by Act 8 of the Extra Session of 1915, the Blind Tiger law. Admittedly, the prosecution in this case is one for violation of that law and the only question presented, as I view it, is the question of law whether such prosecution can be maintained against this defendant who is a druggist. I am of the opinion that it cannot.
[46] For these reasons and for the reasons stated in the majority opinion on the first rehearing, I concur in the decree now being handed down.